United States District Court
for the
Southern District of Florida

| | |
|---|---|
| In re:<br><br>Alberto Soler, Debtor.<br><br>Alberto Soler, Appellant,<br><br>v.<br><br>Federal Housing Finance Agency (FHFA), Appellee. | Civil Action No. 22-20299-Civ-Scola<br><br>Bankruptcy Case No. 21-01278-AJC |

### Order Denying Motions for Leave to Appeal *In Forma Pauperis*

Appellant Alberto Soler has moved for leave to proceed *in forma pauperis* on appeal. (Mots., ECF Nos. 21, 22.) The Court previously denied the motions because the Eleventh Circuit Court of Appeals had dismissed the Appellant's appeal for want of prosecution. (Order Dism., ECF No. 15.) Now, the Eleventh Circuit has reinstated the Appellant's appeal. (ECF No. 25.) Accordingly, the Court **vacates** its prior denials of the *in forma pauperis* motions as moot (**ECF Nos. 23, 24**), and considers the motions as if they had been timely filed. The Court now **denies** the motions for two reasons: (1) the motions do not satisfy the requirements of Rule 24(a)(1) of the Federal Rules of Appellate Procedure, and (2) Soler's appeal is not taken in good faith. Either of these reasons is sufficient on its own to deny the motions. (**ECF Nos. 21, 22**.)

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party filing a motion in district court seeking to appeal *in forma pauperis* must attach an affidavit to the motion that, among other things, "claims an entitlement to redress" and "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(B)–(C). Soler does not set forth the issues he intends to present on appeal. Instead, he simply states that he intends to appeal the Court's "mootness holding of November 15th, 2022" (ECF No. 22 at 3), in which the Court denied his "motion-demand action case active-status obstruction of justice and wire/mail fraud" filing. (Paperless Order, ECF No. 9 (denying motion as moot because the bankruptcy court had dismissed the Appellant's appeal for failure to timely file designation of issues).) The other motion to proceed on appeal *in forma pauperis* (ECF No. 21) does not even identify an order it purports to be appealing, although the

Appellant does attach a copy of the Court's March 2, 2023, order denying leave to appeal *in forma pauperis* after the Eleventh Circuit had dismissed the Appellant's appeal. At any rate, neither motion identifies any issues that the Appellant intends to address on appeal. (ECF Nos. 21, 22.)

Further, Soler's motion is not taken in good faith. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers National Bank*, 271 F. App'x 858, 859 (11th Cir. 2008). An appeal filed *in forma pauperis* is frivolous "when it appears the plaintiff has little or no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted). Soler's appeal appears to have little or no chance of success: he does not even suggest, never mind actually set forth, a legal theory that appears to have any merit or any material factual allegations that would support an appeal.

For the reasons set forth above, the Court **denies** Soler's motions for leave to proceed *in forma pauperis* on appeal. (**ECF Nos. 21, 22**.)

**Done and ordered**, in Miami, Florida, on July 14, 2023.

Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:
**Alberto Soler**
14045 SW 30th Street
Miami, FL 33175